# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 20, 2013

## STATE OF TENNESSEE v. ROBERT GENE ROGERS

**Appeal from the Criminal Court for Bradley County**
**No. M-10-020    Amy Reedy, Judge**

---

**No.  E2013-00909-CCA-R3-CD - Filed April 11, 2014**

---

Appellant Robert G. Rogers was on probation for multiple counts of aggravated burglary, theft over $10,000, and theft of $500 or less.  His probation officer filed a probation violation warrant as a result of Appellant's arrest in Bradley Count for extortion.  The probation violation warrant was subsequently amended to allege that Appellant had absconded from supervision.  At the conclusion of the probation violation hearing, the trial judge revoked Appellant's probation and ordered him to serve his originally imposed twenty-year sentence. Appellant appeals arguing that the trial court erred in revoking his sentence and that the trial judge should have recused herself.  After a review of the record on appeal, we affirm the revocation of Appellant's probation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed..**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and D. KELLY THOMAS, JR., JJ., joined.

Keith Roberts, Assistant Public Defender, for the appellant, Robert Gene Rogers.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Stephen Bebb, District Attorney General, and Stephen Hatchett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

In August 2011, Appellant pled guilty to multiple counts including ten counts of aggravated burglary, two counts of theft over $10,000, and two counts of theft of $500 or

less.  The trial court sentenced Appellant to an effective sentence of twenty years.  The trial judge suspended Appellant's sentence and placed him on probation for twenty years.

On July 2, 2012, Appellant's probation officer filed a probation violation warrant. The warrant stated that Appellant had violated Rule One, "I will obey the laws of the United States, or any State in which I may be, as well as any municipal ordinances;" and Rule Fourteen, "I will not engage in any assaultive, abusive, threatening, or intimidating behavior. Nor will I participate in any criminal street gang related activities as defined by T.C.A. § 40-35-121.  I will not behave in a manner that poses a threat to others or myself."  The violation warrant was based on an arrest on June 27, 2012, for one count of extortion.  On November 2, 2012, the violation warrant was amended to include that Appellant had last reported to his probation officer on June 27, 2012, and that he last paid restitution on June 19, 2012, and still owed $34,189, which were violations of Rules Six and Nine.

On March 22, 2013, the trial court held a probation violation hearing.  The first witness at the hearing was Appellant's probation officer.  He stated that Appellant was charged with one count of extortion.  According to the probation officer, he informed Appellant that he was going to file the probation violation warrant, and Appellant responded that he "would not take off."  However, contrary to his assertion, Appellant did abscond from supervision, and the probation officer amended the violation warrant to include this violation. The probation officer testified that he had no contact with Appellant from about July 9 until Appellant was picked up after absconding from supervision.  He was required to report twice a month.

The victim in the extortion charge also testified at the hearing.  She testified that she and Appellant had been in a romantic relationship for seven years.  They had a child together. She said that they separated in April, but she told him he could live with his son from a previous relationship in her house through the end of May while she stayed at her mother's house.  After he moved out at the end of May, he called her at work asking for a place to take a shower and rest.  She told him he could go to her house.  She went to the house to check on things, and she and Appellant engaged in sexual intercourse.

A week later, the victim took their son to preschool and meet Appellant.  While there, Appellant pulled out his cellphone and showed the victim a video of them having intercourse and told her he would put the video on YouTube if she did not give him co-custody of their son, a motorcycle, and get her mom and brother to drop the orders of protection they had taken out against him.  She testified that the motorcycle was in her name, and she made payments on it every month.  Appellant had only made one payment in the four years that payments were being made on the motorcycle.

The victim contacted a lawyer, and they in turn met with an agent with the Tennessee Bureau of Investigation ("TBI"). As a result, she met again with Appellant while wearing a hidden recording device to record their conversation. During that conversation, Appellant reiterated his demand for co-custody and the motorcycle. The victim testified at the hearing that she did not know that Appellant was videotaping their earlier sexual encounter and did not give him permission to videotape the encounter.

Appellant also testified at the hearing. He stated that he had recorded their encounter because he did not want to be accused of burglary. Also, he was angry that she did not allow him to see their child. He said that he only saw his child for five hours during a seven week period. He said that trying to see his child was "the only thing [he] was trying to do." He admitted that he avoided the police for five months and alleged that the victim supported him during that time and that they were having sexual intercourse during that time.

On cross-examination, Appellant agreed that he had been interviewed by the TBI. He stated that he filmed the victim coming into the house and kissing him, but he denied recording them having sexual intercourse. He stated that it was dark in the bedroom.

At the conclusion of the hearing, the trial court concluded that Appellant had violated his probation. The trial court made the following statement, "Well, that's pretty simple elements I guess, looks like to the Court. The Court finds that the state has proven that he has violated Rule Number One and Rule Number 14, and Rule Number Six, and Rule Number Nine." The trial court revoked Appellant's probation and ordered him to serve his twenty-year sentence.

## ANALYSIS

### Probation Violation

On appeal, Appellant argues that the trial "court did not articulate any specific findings as to the violation in the case at bar and the findings the court did make are not supported by the evidence presented by the State." Furthermore, he argues that "[t]he State presented no evidence that defendant had violated Rule Number Nine. Rule Number one and Rule Number 14 were identical in wording in the violation warrant filed against defendant. Although defendant was charged . . . with extortion, the charges were subsequently dismissed." The State disagrees.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. §§ 40-35-310 & -311. After finding a violation of probation and

determining that probation should be revoked, a trial judge can: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of the judgment as it was originally entered; or (3) extend the probationary period for up to two years. *See* T.C.A. § § 40-35-308(c) & -311(e); *see also State v. Hunter*, 1 S.W.3d 643, 647-48 (Tenn. 1999). The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review, rather than a de novo standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. *Id.* The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010).

We agree with Appellant that the State did not present evidence that he had failed to pay restitution. Appellant's probation officer did not testify specifically that Appellant had stopped paying restitution, and there was no other evidence presented at the hearing to support this accusation.

A trial court may not rely on the mere fact of an arrest or an indictment to revoke a defendant's probation sentence. A new arrest and pending charges are proper grounds on which a trial court can revoke a defendant's probation, however a trial court may not rely on the mere fact of an arrest or an indictment to revoke a defendant's probation. *See Harkins*, 811 S.W.2d at 83 n.2. A revocation on this basis requires the State to "produce evidence in the usual form of testimony" in order to establish the probationer's commission of another offense while on probation. *State v. Walter Lee Ellison, Jr.*, No. 01C01-9708-CR-00361, 1998 WL 272955, at *2 (Tenn. Crim. App., at Nashville, May 29, 1998); *see State v. Michael Chaney*, No. 01C01-9801-CC-00010, 1999 WL 97914, at *1 n.2 (Tenn. Crim. App., at Nashville, Feb. 18, 1999). Unlike when a defendant challenges the sufficiency of the evidence, "[t]he proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." *Harkins*, 811 S.W.2d at 82.

The State presented the testimony of the victim, as well as a recording of a discussion between the victim and Appellant. We conclude that the trial court found the victim's testimony to be credible because the trial court stated that all alleged violations had been proven. The testimony of the victim and the recording submitted at the hearing were

-4-

sufficient to support the trial court's conclusion that Appellant violated Rules One and Fourteen. Therefore, we find no abuse of discretion by the trial court.

Furthermore, there is ample evidence to support the trial court's determination that Appellant violated Rule Six, "I will report to my probation officer as instructed." The State presented the testimony of the probation officer that Appellant failed to appear from July until he was picked up for absconding from supervision. Appellant also admitted that he absconded from supervision. He stated at the hearing, "I did avoid the law for five months." There is ample evidence to support the trial court's finding this violation by Appellant. We find no abuse of discretion with regard to the reliance upon Rule Six, failure to report to his probation officer.

This Court has stated, "There need be only one violation of the conditions of probation to support revocation." *State v. Phillip Thomas Wilcox*, No. M2002-00667-CCA-R3-CD, 2003 WL 21047133, at *2 (Tenn. Crim. App., at Nashville, May 9, 2003). In this case, there is evidence of more than one violation. The trial court did not abuse its discretion.

Therefore, this issue is without merit.

## Recusal

Appellant also argues that the trial judge erred by failing to recuse herself from the probation revocation proceedings. Appellant argues that the victim was close friends with members of the trial judge's immediate family. He also argues that she should have recused herself because while she was serving as a assistant district attorney she prosecuted Appellant. The State argues that this issue is waived because Appellant did not present this issue prior to or during the hearing.

As an initial matter, we address the standard by which this Court reviews petitions for recusal on appeal. Pursuant to Tennessee Supreme Court Rule 10B, section 2.01, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. As amended, effective July 1, 2012, Tennessee Supreme Court Rule 10B, section 2.06, directs this Court to review the appeal "on an expedited basis based upon a de novo standard of review." Prior to July 1, 2012, the appellate courts reviewed recusal decisions pursuant to the more deferential abuse of discretion standard. *See State v. Hester*, 324 S.W.3d 1 (Tenn. 2010). The timing of the motion for recusal requires this Court will review the appeal under the new de novo standard.

**Timeliness of the Motion to Recuse**

In the case at hand, the trial court's order revoking Appellant's probation was filed on March 22, 2013. On April 8, 2013, Appellant filed a pro se "Petition for an Appeal" that included as grounds that the victim was friends with the trial judge's immediate family members and that the trial judge had once acted as prosecutor against him when she was assistant district attorney. Subsequently, Appellant's counsel filed a Notice of Appeal on April 17, 2013.

Before addressing the merits of the recusal issue, this Court must comment on the procedural requirements of the filing of a motion to recuse under Rule 10B. Section 1.01 of that Rule provides in its entirety:

> Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a timely filed written motion. The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. A party who is represented by counsel is not permitted to file a pro se motion under this Rule.

Tenn. Sup. Ct. R. 10B Section 1.01.

Section 1.01 of Rule 10B also mandates that a motion for recusal must be timely filed. As the Court of Appeals recently recognized in addressing a Rule 10B motion for recusal:

> It is also important to recognize that a party may lose the right to challenge a judge's impartiality by engaging in strategic conduct. *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App.1998). Further, our "[c]ourts frown upon the manipulation of the impartiality issue to gain procedural advantage and will not permit litigants to refrain from asserting known grounds for disqualification in order 'to experiment with the court . . . and raise the objection later when the result of the trial is unfavorable.'" *Id.* (quoting *Holmes v. Eason*, 76 Tenn. 754 (Tenn. 1882)); *Gotwald v. Gotwald*, 768

S.W.2d 689, 694 (Tenn. Ct. App. 1988). "Thus, recusal motions must be filed promptly after the facts forming the basis for the motion become known, and the failure to assert them in a timely manner results in a waiver of a party's right to question a judge's impartiality." *Id.* (internal citations omitted).

*Kathryn A. Duke v. Harold W. Duke, III*, M2012-01964-COA10B-CV, 2012 WL 4513613 at \*3 (Tenn. Ct. App., at Nashville, Oct. 2, 2012), *perm. app. denied*, (Tenn. Feb. 26, 2013).

There are multiple procedural issues with Appellant's "Petition for Appeal" assuming it is to be taken as a motion for recusal of the trial judge. The motion was not timely since it was not filed until the proceedings were over, it was not accompanied by an affidavit, and Appellant was represented by counsel at the time he filed it. All these facts are contrary to the requirements under Section 1.01 of Rule 10B. For this reason, this issue is waived.

## CONCLUSION

For the forgoing reasons, we affirm the decision of the trial court.

_____
JERRY L. SMITH, JUDGE